UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ------------------------------------------------------------x | | CIVIL ACTION NO. |
| BARBARA SMITH, | : | 3:02CV473 (AVC) |
| | : | |
| Plaintiff | : | JOINT MOTION FOR |
| | : | PRELIMINARY APPROVAL OF |
| Vs. | : | SETTLEMENT AGREEMENT, |
| | : | CONDITIONAL |
| JOSEPH M. TOBIN and | : | CERTIFICATION OF |
| TOBIN & MELIEN | : | SETTLEMENT CLASS, AND |
| | : | APPROVAL OF FORM AND |
| Defendants. | : | MANNER OF NOTICE |
| | : | |
| | : | JUNE 8, 2004 |
| ------------------------------------------------------------x | | |

Plaintiff, Barbara Smith, and Defendants, Tobin & Melien and Joseph Tobin ("Tobin"), collectively, the "Settling Parties," respectfully move the Court for an order (i) granting preliminary approval to the attached *Settlement Agreement And Release* ("*Settlement Agreement*"); (ii) certifying a class for settlement purposes only, as provided in the *Settlement Agreement*; (iii) allowing notice to the class by first-class mail as provided for in the "*Notice of Pendency of Class Action, Proposed Settlement and Hearing*" annexed as *Exhibit C* to the *Settlement Agreement,* in the manner described therein; (iv) prescribing a period of time within which class members may submit requests to be excluded from the class or file objections to the settlement of the action; and (v) setting a date for a hearing on final approval of the proposed settlement.

In support of this motion, the Settling Parties state as follows:

1. Plaintiff commenced this action on March 18, 2002, on behalf of a class of certain individuals who had been subjected to collection attempts on account of a consumer obligation relating to deficiency balances on auto loans where the motor vehicle had been repossessed. Plaintiff alleges that the Defendants violated the federal Fair Debt Collection Practices Act and other laws and seeks damages, costs and attorney's fees.

2. Defendants have contested the claims advanced in the *Complaint*, and have denied all liability as well as plaintiff's material allegations.

3. The proposed settlement class (the "Class") is comprised of individuals from whom Tobin sought to collect a deficiency on an auto loan, following repossession of the vehicle, who are similarly situated to the Plaintiff, in that they were served with a complaint during the limitations period identical to that received by plaintiff Smith and where the action did not proceed to judgment.

4. In order to resolve the claims asserted in this action and to avoid the burdens, cost, and uncertainties of further litigation, the Settling Parties have agreed to a proposed settlement that will provide for the recovery by each Class Member of statutory damages. The proposed agreement will also provide for the disbursement of checks in the approximate amount of $250.00 to all class members for whom the Defendant can obtain a valid address. The awards for class members who cannot be located will be donated to the National Consumer Law Center of Boston, Massachusetts. The total benefit that the Class Members receive from this proposed

settlement (in the aggregate, the "Affirmative Settlement Fund") not to exceed $13,000 will *not* be subject to reduction by any administrative fees or attorneys' fees and costs, because as additional consideration, Tobin has agreed to make an additional payment of reasonable attorneys' fees and a reasonable class representative fee in amounts to be established by the Court after a hearing and not to exceed $8,500 for attorney's fees and $1,500 for a class representative fee.

5. The proposed settlement is the product of serious, informed, non-collusive negotiations by counsel experienced in litigation and class actions that occurred during times in which the parties were engaged in formal and informal discovery. It was negotiated with the assistance of Parajudicial Officer J. Read Murphy. The proposed settlement has no obvious deficiencies, does not improperly grant preferential treatment to counsel or to certain segments of the Class, and, in the opinions of the undersigned, falls well within the range of fairness to the Class Members. Further, the proposed form of notices and manner of delivering them (by first-class mail to a list of class members at their last-known or forwarding home addresses, coupled with subsequent reasonable efforts to locate new addresses) is the best notice practical under the circumstances and falls well within the requirements of procedural due process.

WHEREFORE, the Settling Parties hereby request that the Court enter an Order (i) certifying a class for settlement purposes only, as provided in the *Settlement Agreement*, (ii) allowing notice to go to the Class Members by first-class mail, as provided for in the *Notice of Pendency of Class Action, Proposed Settlement and Hearing* annexed as *Exhibit C* to the

*Settlement Agreement*, in the manner described therein; (iii) prescribing a period of time within which Class Members may submit requests to be excluded from the class or file objections to the settlement of the action; and (iv) setting a date for a hearing on final approval of the proposed settlement.

      RESPECTFULLY SUBMITTED this ___ day of June, 2004.

**PLAINTIFF**

By: _____
       Joanne S. Faulkner, Esq. ct04137
       123 Avon Street
       New Haven, CT 06511
       (203) 772-0395

**DEFENDANT, Tobin and Melien and Joseph M. Tobin**

By: _____
       Jonathan D. Elliot,  ct05762
       Sabato Pellegrino Fiano, ct18879
       Kleban & Samor, PC
       2425 Post Road, P.O. Box 763
       Southport, CT 06490
       Tel. (203) 254-8968 Fax. (203) 259-9617

- 6 -

## CERTIFICATION

      This is to certify that a copy of the foregoing has been mailed, postage prepaid, this 10th day of June 2004, to:

Joanne S. Faulkner, Esq.
123 Avon Street
New Haven, CT 06511

                                      _____
                                      Jonathan D. Elliot