FILED

2004 JUL -1  P 2: 45

U.S. DISTRICT COURT
HARTFORD, CT.

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

-------------------------------------------------------------x
BARBARA SMITH,                          :

                        Plaintiff       :

Vs.                                     :

JOSEPH M. TOBIN and                     :
TOBIN & MELIEN                          :

                        Defendants.     :

                                        :
-------------------------------------------------------------x

CIVIL ACTION NO.
3:02CV473 (AVC)

AMENDED JOINT MOTION FOR
PRELIMINARY APPROVAL OF
SETTLEMENT AGREEMENT,
CONDITIONAL
CERTIFICATION OF
SETTLEMENT CLASS, AND
APPROVAL OF FORM AND
MANNER OF NOTICE

JUNE 8, 2004

Plaintiff, Barbara Smith, and Defendants, Tobin & Melien and Joseph Tobin ("Tobin"),

collectively, the "Settling Parties," respectfully move the Court for an order (i) granting

preliminary approval to the attached *Settlement Agreement And Release* ("*Settlement

Agreement*"); (ii) certifying a class for settlement purposes only, as provided in the *Settlement

Agreement*; (iii) allowing notice to the class by first-class mail as provided for in the "*Notice of

Pendency of Class Action, Proposed Settlement and Hearing*" annexed as *Exhibit C* to the

*Settlement Agreement,* in the manner described therein; (iv) prescribing a period of time within

which class members may submit requests to be excluded from the class or file objections to the

settlement of the action; and (v) setting a date for a hearing on final approval of the proposed

settlement.

In support of this motion, the Settling Parties state as follows:

1.    Plaintiff commenced this action on March 18, 2002, on behalf of a class of certain individuals who had been subjected to collection attempts on account of a consumer obligation relating to deficiency balances on auto loans where the motor vehicle had been repossessed. Plaintiff alleges that the Defendants violated the federal Fair Debt Collection Practices Act and other laws and seeks damages, costs and attorney's fees.

2.    Defendants have contested the claims advanced in the *Complaint*, and have denied all liability as well as plaintiff's material allegations.

3.    The proposed settlement class (the "Class") is comprised of individuals from whom Tobin sought to collect a deficiency on an auto loan, following repossession of the vehicle, who are similarly situated to the Plaintiff, in that they were served with a complaint during the limitations period identical to that received by plaintiff Smith and where the action did not proceed to judgment.

4.    In order to resolve the claims asserted in this action and to avoid the burdens, cost, and uncertainties of further litigation, the Settling Parties have agreed to a proposed settlement that will provide for the recovery by each Class Member of statutory damages. The proposed agreement will also provide for the disbursement of checks in the amount of up to $325.00 to all class members for whom the Defendant can obtain a valid address, payment to the representative plaintiff of the maximum statutory damage of $1,000 and an incentive award of $500 for acting as class representative. The awards for class members who cannot be located will be donated to

- 2 -

the National Consumer Law Center of Boston, Massachusetts. The total benefit that the Class Members receive from this proposed settlement (in the aggregate, the "Affirmative Settlement Fund") will not be subject to reduction by any administrative fees or attorneys' fees an costs, because as additional consideration, Tobin has agreed to pay administrative fees, make an additional payment of reasonable attorneys' fees in amounts to be established by the Court after an application not to exceed $8,500 for attorney's fees.

5.    The proposed settlement is the product of serious, informed, non-collusive negotiations by counsel experienced in litigation and class actions that occurred during times in which the parties were engaged in formal and informal discovery.   It was negotiated with the assistance of Parajudicial Officer J. Read Murphy. The proposed settlement has no obvious deficiencies, does not improperly grant preferential treatment to counsel or to certain segments of the Class, and, in the opinions of the undersigned, falls well within the range of fairness to the Class Members. Further, the proposed form of notices and manner of delivering them (by first-class mail to a list of class members at their last-known or forwarding home addresses, coupled with subsequent reasonable efforts to locate new addresses) is the best notice practical under the circumstances and falls well within the requirements of procedural due process.

WHEREFORE, the Settling Parties hereby request that the Court enter an Order (i) certifying a class for settlement purposes only, as provided in the *Settlement Agreement*, (ii) allowing notice to go to the Class Members by first-class mail, as provided for in the *Notice of Pendency of Class Action, Proposed Settlement and Hearing* annexed as *Exhibit C* to the

*Settlement Agreement*, in the manner described therein; (iii) prescribing a period of time within which Class Members may submit requests to be excluded from the class or file objections to the settlement of the action; and (iv) setting a date for a hearing on final approval of the proposed settlement.

RESPECTFULLY SUBMITTED this ⏗1ˢᵗ⏗ day of ~~June~~ July, 2004.

**PLAINTIFF**

By: _____ Joanne S Faull _____
　　　Joanne S. Faulkner, Esq. ct04137
　　　123 Avon Street
　　　New Haven, CT 06511
　　　(203) 772-0395


**DEFENDANT, Tobin and Melien and Joseph M. Tobin**

By: _____ Jon D Elliot _____
　　　Jonathan D. Elliot, ct05762
　　　Sabato Pellegrino Fiano, ct18879
　　　Kleban & Samor, PC
　　　2425 Post Road, P.O. Box 763
　　　Southport, CT 06890
　　　Tel. (203) 254-8968 Fax. (203) 259-9617

## CERTIFICATION

This is to certify that a copy of the foregoing has been mailed, postage prepaid, this 10th day of June 2004, to:
July

Joanne S. Faulkner, Esq.
123 Avon Street
New Haven, CT 06511

_____
Jonathan D. Elliot

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

---------------------------------------------------------x
BARBARA SMITH,                                       :
                                                     :
                        Plaintiff                    :
                                                     :
                                                     :
Vs.                                                  :
                                                     :
JOSEPH M. TOBIN and                                  :
TOBIN & MELIEN                                       :
                                                     :
                        Defendants.                  :
                                                     :
                                                     :
---------------------------------------------------------x

CIVIL ACTION NO.
3:02CV473 (AVC)

**ORDER CONCERNING CLASS
CERTIFICATION, NOTICE
AND SCHEDULING**

JULY 1, 2004

Plaintiff, Barbara Smith, and defendants, Tobin & Melien and Joseph M. Tobin

(collectively "Tobin") have reached a settlement of this matter.  Plaintiff and Tobin (the "Settling

Parties") having made application pursuant to F.R.C.P. Rule 23(e) for an order approving the

settlement of this case, in accordance with the *Settlement Agreement and Release* dated as of

_____ (the *"Settlement Agreement"*), which together with the exhibits annexed thereto,

sets forth the terms and conditions for the proposed settlement of this case and for the dismissal

of this case upon the terms and conditions set forth therein; and the Court having read and

considered the *Settlement Agreement* and the exhibits annexed thereto; and the Settling Parties

having been heard,

**IT IS HEREBY ORDERED:**

1. This case shall proceed as a class action, for settlement purposes only, under F.R.C.P. Rule 23, on behalf of individuals who are similarly situated to the Plaintiff, in that within one year next preceding the date of the Complaint, they were served with a complaint as a defendant in a collection action commenced by Tobin & Melien or Joseph M. Tobin relating to an alleged deficiency on an auto loan which the complaint was identical to that received by Barbara Smith.

2. For the purposes of this Order, the Class Representative is Barbara Smith, the named plaintiff in this action, and the class counsel is counsel of record for the Class Representative: Joanne S. Faulkner, Esq. 123 Avon Street, New Haven, CT 06511 ("Class Counsel").

3. The Class Representative shall be the representative of the Settlement Class for the purposes of implementing the settlement in accordance with the *Settlement Agreement*, and their counsel of record is found to be adequate and competent and is appointed as counsel for the Settlement Class.

4. Pending resolution of the settlement proceedings, the Court hereby asserts jurisdiction over the members of the class for purposes of effectuating the Settlement and releasing their claims.

- 2 -

5.  The Court approves, as to form and content, the *"Notice of Pendency of Class Action, Proposed Settlement and Hearing"* annexed as *Exhibit C* to the *Settlement Agreement*, and finds that the mailing of the notice to class members substantially in the manner and form set forth in the *Settlement Agreement* meets the requirements of F.R.C.P. Rule 23, due process and the Rules of this Court, is the best notice practicable under the circumstances and shall constitute due and sufficient notice to all persons entitled thereto.  The notice shall be mailed to class members on or before _____.  At or before the fairness hearing provided for by this Order, Defendant's Counsel shall file with the Court and serve on Class Counsel, proof by affidavit of the aforesaid mailings.  At or before the fairness hearing provided for by this Order, Defendant Counsel shall file with the Court and serve on Class Counsel, proof by affidavit of the forwarding of mail that was returned, as provided for in the Settlement Agreement.

6.  Class members shall be bound by all determinations and judgments in this case relating to the proposed settlement, whether favorable or unfavorable, unless such persons shall submit a written request for exclusion ("Request for Exclusion") from the class, to be postmarked no later than _____, addressed to:  both counsel of record and the Court.  Copies of Requests for Extension received by class counsel shall be provided promptly to defendants' counsel.  The Request for Exclusion shall identify the name and current address of the person seeking exclusion and clearly indicate that the sender requests to be excluded from the Class.  A member of the Class who duly requests to be excluded in accordance with the

- 3 -

provisions hereof shall be excluded from the Class, will not be bound by any orders or judgments entered in this case relating to this settlement and shall not receive any benefits provided for in the Settlement Agreement in the event it is approved by the Court.

      7.  Any member of the Class who has not requested exclusion therefrom in the manner provided for in this Order may appear and show cause, if he or she has any, why the proposed settlement of this case should or should not be approved as fair, reasonable and adequate, or why a judgment should or should not be entered thereon or why the requested fees should or should not be awarded to Class Counsel; provided, however, that no class member or any other person shall be heard or entitled to contest the approval of the terms and conditions of the proposed settlement, or, if approved, the judgment to be entered thereon approving the same, or the amount of attorneys' fees to be awarded to Class Counsel, unless that person has filed the original and one copy of a written statement containing his or her name and address, the reasons for objections, an indication that he or she wishes to appear and be heard at the hearing and, if desired, a memorandum of supporting authorities, and any other papers to be submitted, on or before _____ with a copy to counsel.  Any member of the Class who does not make the objection in the manner provided shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness or adequacy of the proposed settlement as incorporated in the Settlement Agreement and to the award of attorneys' fees to Class Counsel or a class representative fee to the Class Representative.

- 4 -

8.  A final hearing (the "Hearing") shall be held before this Court on _____, at ____ to determine (i) whether the proposed settlement of this case on the terms and conditions provided for in the Settlement Agreement is fair, reasonable and adequate to members of the classes and should be approved finally by the Court, and (ii) the reasonableness of the plaintiff's requests for attorneys fees and costs.

9.  No later than ten (10) calendar days prior to the Hearing, Class Counsel shall file with this Court and serve on opposing counsel copies of (a) submissions in support of the proposed Settlement; and (b) applications for a class representative fee and for attorneys' fees and costs.  Additionally, counsel shall be permitted (but are not obligated) to file additional submissions responsive to issues raised by any Class member's objection.  Counsel shall serve a copy of any such responsive submissions on opposing counsel and also on the person (or his or her counsel) who made the objection to which the submission is responsive.

10. In the event the *Settlement Agreement* terminates pursuant to its terms for any reason, upon motion by any party, the certification of the Settlement Class pursuant to this order shall be vacated automatically, the Class Representative shall cease to function as a representative of the Settlement Class, and this action shall revert to its status immediately prior to the execution of the *Settlement Agreement*.  Furthermore, the statute of limitations shall be tolled with respect to all individuals included in the class description of the original complaint.  Additionally, this action will no longer be a certified class action, although Plaintiff shall be free

- 5 -

to move for the certification of the class in accordance with a scheduling order that the Court shall set at such time as the Settlement Agreement terminates.

2.    The Court reserves the right finally to approve the *Settlement Agreement* with modifications and without further notice to members of the Class, to adjourn the date of the hearing and any adjournment thereof without further notice to the members of the Class, and retains jurisdiction to consider all further applications arising out of or connected with the proposed settlement.

**SO ORDERED** this __ day of _____, 2004.

_____
Judge

- 6 -

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

-----------------------------------------------x

| | |
|---|---|
| BARBARA SMITH, | CIVIL ACTION NO. |
| : | 3:02CV473 (AVC) |
| Plaintiff : | |
| : | NOTICE OF PENDENCY |
| : | OF CLASS ACTION, |
| : | PROPOSED SETTLEMENT |
| Vs. : | AND HEARING |
| : | |
| JOSEPH M. TOBIN and : | |
| TOBIN & MELIEN : | |
| : | |
| Defendants. : | |
| : | |
| : | JUNE  , 2004 |

-----------------------------------------------x

## NOTICE OF PENDENCY OF CLASS ACTION, PROPOSED SETTLEMENT AND HEARING

### PLEASE READ THIS NOTICE CAREFULLY.

### THIS NOTICE MAY AFFECT YOUR RIGHTS.

### THIS IS NOT AN ATTEMPT TO COLLECT MONEY FROM YOU.
### THIS IS NOT A NOTICE OF A LAWSUIT AGAINST YOU.
### YOU MAY BENEFIT FROM READING THIS NOTICE.

This notice is to certain individuals who were defendants in lawsuits commenced on behalf of clients by the law firm of Tobin & Melien of New Haven, Connecticut in Connecticut Superior Court seeking a deficiency balance on an auto loan following repossession of the motor vehicle. You are receiving this notice because it has been determined that you are a member of the class on whose behalf this Class Action Lawsuit has been brought. This notice explains the nature of this lawsuit, as well as a proposed settlement of this lawsuit, and informs you of your legal rights under that proposed settlement.

### WHAT THIS LAWSUIT IS ABOUT AND STATUS OF THE LAWSUIT

This consumer class action was filed by Plaintiff, Barbara Smith, in March 2002. Plaintiff claimed that state court complaints filed by Tobin and Melien violated certain provisions of Connecticut law and therefore violated the federal Fair Debt Collection Practices Act. Smith sought monetary damages, costs and attorney's fees. The Defendants dispute the Plaintiff's allegations and deny that they did anything wrong or illegal. They are settling because of the cost and expense of defending this lawsuit.

The parties have proposed an agreement to settle the lawsuit (the "Settlement Agreement") and have asked the Court to approve the Settlement Agreement. The Court will approve the Settlement if it determines that the Settlement is fair, reasonable, and adequate to the Class Members.

### SUMMARY AND VALUE OF THE PROPOSED SETTLEMENT

If the Settlement Agreement receives final approval from the Court, the Defendants will pay an aggregate amount of $13,000 to the participating Members of the Class, but not more than $325.00 to any individual Class Member and will pay a $1,000 statutory damages to the class representative plus a fee of $500.00 to the Plaintiff for acting as a class representative. The Defendants will also pay a reasonable attorney's fee of $8,500 to the Plaintiff's attorneys, subject to court approval. In return for these payments, Plaintiff and Class Members agree to dismiss this lawsuit with prejudice, and release their claims against the defendants.

Although an individual prevailing in an action under the Fair Debt Collection Practices Act may collect as much as $1,000.00 in statutory damages plus actual damages, in a class action, the statutory recovery is limited to $500,000 or one percent of the defendant's net worth, whichever is less. Defendants have raised potentially meritorious defenses to the lawsuit, and it is

possible that there would be no recovery if the case is not settled. This settlement is the result of serious negotiations and was reached with the assistance of a Parajudicial Officer who was appointed by the court to assist the parties in resolving the controversy. Counsel believes that the settlement is fair, reasonable, and adequate.

## SETTLEMENT HEARING

There will be a hearing (the "Settlement Hearing") on _____ at _____, in the United States District Court, District of Connecticut, 450 Main Street, Hartford, Connecticut, Room ____. You are not required to attend this hearing, but you may do so. At the Settlement Hearing, the Court will determine: (i) whether the Settlement Agreement and the terms and conditions of the Settlement are fair, reasonable, and adequate, and in the best interests of the Class Members; (ii) whether final judgment should be entered dismissing the action as to the Defendant, with prejudice and on the merits as against Plaintiff and all the Class Members; and (iii) whether, if the court approves this Settlement Agreement and the Settlement and enters such final judgment, it should award attorney's fees and expenses to the Class Counsel in an amount to be established by the Court. At the Settlement Hearing, the Court will also hear any objections and arguments about the Settlement.

The Court has reserved the right to adjourn the Settlement Hearing, including consideration of the application for attorney's fees and expenses, by oral announcement at such hearing, and without further notice of any kind. The Court also has reserved the right to approve the Settlement Agreement and the Settlement, with or without modifications, to enter its final judgment dismissing the action as to the Defendant with prejudice as against Plaintiff and Class Members, and to order the payment of attorney's fees and expenses, without further notice of any kind.

## RIGHTS OF CLASS MEMBERS

Class Members have three options with respect to this lawsuit:

- *Remain a Class Member and agree to the Settlement; or*
- *Remain a Class Member and object to the Settlement; or*
- *Exclude yourself from the Class.*

**Option 1**

*Remain a Class Member and agree to the Settlement.* If you do not exclude yourself, and you have no objection to the proposed Settlement, you will remain a Class Member. If the Court approves the proposed Settlement then you will receive a check in the maximum amount of $325.00, depending on how many class members do not exclude themselves. If you remain a Class Member, you have the right to hire your own attorney (at your own expense) to represent you in this law suit or to enter an appearance in this lawsuit yourself and represent yourself. If you do not hire your own attorney or choose to represent yourself you will be represented in this lawsuit by the class counsel: Joanne Faulkner, Esq., 123 Avon Street, New Haven, CT 06510.

**Option 2**

*Remain a Class Member and object to the Settlement.* If you want to remain a Class Member but you object to the proposed Settlement (or any of the terms of the proposed Settlement), you must put your objection in writing. You must then send an original and one copy of your objection to the Clerk of the Court, with a copy to class counsel defendants' counsel and to the clerk of the court. You must include copies of any documents you plan to present to the Court at the hearing. Your objection and supporting documents must be postmarked or hand-delivered on or before _____. Any person who does not object to the proposed Settlement as described above will lose the right to object to it later in this or any other legal action. If the proposed Settlement is approved despite your objection, you will still receive the benefits of the Settlement and will be bound by its terms.

**Option 3**

*Exclude yourself from the class.* If you exclude yourself from the class (which is called "opting out"), you will not receive any benefits from this Lawsuit, but you will have the right to file your own lawsuit and to pursue your claims separately. If you want to exclude yourself from the class, you must complete and mail the attached Opt-Out Form to both class counsel, defendants' counsel and the court. Your envelope must be postmarked or hand-delivered on or before _____.

**If you do nothing,** you will remain a Class Member. If the Settlement is approved, you and the other Class Members will receive the benefits described in this notice. If the Settlement is not approved, you will still be considered a Class Member and this Lawsuit will go on. There still will be no guarantee that Class Members will recover any benefits or that they will recover more than the amounts provided in the Settlement.

If you have any questions, you may contact Class Counsel at 203-562-0893.

Class Counsel: Joanne S. Faulkner, 123 Avon Street, New Haven, CT 06511

Defendants' Counsel: Jonathan D. Elliot, Kleban &Samor, 2425 Post Road, Southport, CT 06890

### EXAMINATION OF PAPERS AND INQUIRIES

For a more detailed statement of the matters involved in this litigation, reference is made to the papers filed in this case, which, may be inspected at the Hartford Clerk's Office at the United States District Court, District of Connecticut, 450 Main Street, Hartford, Connecticut, during regular business hours of each business day.

**ALL INQUIRIES REGARDING THIS LITIGATION SHOULD BE ADDRESSED TO CLASS COUNSEL. PLEASE DO NOT CONTACT THE COURT, THE CLERK'S OFFICE OR THE DEFENDANT'S COUNSEL FOR INFORMATION.**

> **BY ORDER OF THE UNITED STATES DISTRICT COURT DISTRICT OF CONNECTICUT,**
>
>
> Federal Court Judge

DATED: _____, 2004

## OPT–OUT FORM

3:02CV473 (AVC)

**Barbara Smith**
**V**
**Joseph M. Tobin and Tobin & Melien**

*UNITED STATES DISTRICT COURT DISTRICT OF CONNECTICUT*

**DO <u>NOT</u> SUBMIT THIS FORM IF YOU WANT TO BE INCLUDED IN THE CLASS ACTION.**

**YOU DO NOT NEED TO DO ANYTHING TO REMAIN IN THE CLASS**

---

PLEASE EXCLUDE ME FROM THE CLASS. I DO NOT WANT TO PARTICIPATE IN THE
CLASS ACTION LAWSUIT AGAINST JOSEPH M. TOBIN AND TOBIN & MELIEN

NAME:        _____

ADDRESS:    _____

PHONE:       _____

---

**Instructions**:  If you wish to *exclude* yourself from the class you must complete this Opt-Out Form and mail or hand-deliver this form to: Joanne Faulkner, Esq., 123 Avon Street, New Haven, CT 06510 and Jonathan D. Elliot, Kleban &Samor, 2425 Post Road, Southport, CT 06890. If you exclude yourself, you will no longer be a Class Member, will not be bound by any judgment in this lawsuit, and will not participate in the proposed Settlement or any recovery obtained on behalf of the Class Members, but you will retain the right to bring your own lawsuit.  If you wish to be *included* in the class action, do *not* return this form.

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

------------------------------------------------------------x
BARBARA SMITH,                               :     CIVIL ACTION NO.
                                             :     3:02CV473 (AVC)
                   Plaintiff                 :
                                             :     [PROPOSED] ORDER
                                             :     AND FINAL JUDGMENT OF
                                             :     DISMISSAL
Vs.                                          :
                                             :
JOSEPH M. TOBIN and                          :
TOBIN & MELIEN                               :
                                             :
                   Defendants.               :
                                             :
                                             :     JUNE 8, 2004
------------------------------------------------------------x

### [PROPOSED] ORDER AND FINAL JUDGMENT OF DISMISSAL

THIS MATTER has come before this Court seeking approval of the proposed settlement

(the "Settlement") set forth in the *Settlement Agreement And Release* (the "*Settlement*

*Agreement*") dated _____ and filed with the Court. This Court has considered all papers filed

and proceedings had herein, and otherwise is fully informed in the matter, and has determined

that the proposed Settlement set forth in the *Settlement Agreement* should be approved as fair,

reasonable, and adequate. The total number of Class Members (as that term is defined in the

*Settlement Agreement*) is approximately 17. Actual notice was sent by first-class mail to all

Class Members at their last known mailing addresses in Defendant's records. Additionally, Class

Counsel attempted to obtain more recent addresses as to Class Members whose initial notices

were returned as undeliverable, and then re-mailed the notices to the newer addresses. There

were _____ objections to the Settlement and _____ Class Member(s) opted-out of this lawsuit.

The Court hereby enters this Final Judgment and Order of Dismissal with Prejudice (the "Final Judgment"), which constitutes a final adjudication of this matter on the merits. Good cause appearing therefor, it is hereby

ORDERED, ADJUDGED, AND DECREED that:

1.    This Court has jurisdiction over the subject matter of this lawsuit with respect to all claims asserted, and personal jurisdiction over all parties to this lawsuit.

2.    The definitions of terms set forth in the *Settlement Agreement* and in the *Order Concerning Notice and Scheduling* entered by this Court on _____, 2004 are incorporated herein as though fully set forth in this Final Judgment.

3.    The Court hereby approves the Settlement set forth in the *Settlement Agreement* and finds that said Settlement is, in all respects, fair, reasonable, and adequate to the Class Members, and within the authority of the parties.

4.    Plaintiff, individually and on behalf of the Class Members, sought relief, *inter alia*, from Defendant's conduct allegedly undertaken in violation of the Fair Debt Collection Practices Act. This Court reaffirms that the action satisfies the requirements of F.R.C.P. Rule 23 with respect to the Settled Claims, as more fully described in the *Settlement Agreement*.

- 2 -

5.    Due notice was provided to all potential Class Members. Such notice advised potential Class Members that they would be treated as Class Members unless they opted out by procedures set forth in the notice. _____ persons have exercised their right to opt out of the class and are therefore excluded from the scope of this Final Judgment.

6.    The parties are ordered promptly to carry out their respective obligations under the *Settlement Agreement*.

7.    Neither this Final Judgment nor the *Settlement Agreement* or the fact that this case has been settled (a) is an admission, concession, or indication by Defendant of the validity of any claims in this case or of any liability, wrongdoing, or violation of law by Defendant; (b) shall be used as an admission of any fault, liability or wrongdoing by Defendant; or (c) shall be offered or received in evidence as an admission, concession, presumption or inference against Defendant in any proceeding other than such proceedings as may be necessary to consummate or enforce this Stipulation or the provisions of any related order, notice, agreement or release, or to support a defense of res judicata, collateral estoppel, release, or other theory of claim or issue preclusion or similar defense.

8.    This Court hereby dismisses this lawsuit on the merits and with prejudice against all persons who are Class Members as to all Settled Claims against Defendant, as those terms are defined in the *Settlement Agreement*.

- 3 -

9.    All Class Members are hereby conclusively deemed to have released and discharged Defendant as to all Settled Claims.  Notwithstanding the above, Plaintiff and the other Class Members have not released or discharged Defendant from performing their obligations under the *Settlement Agreement*.

10.    All Class Members and Class Counsel are hereby barred and permanently enjoined from prosecuting, commencing, or continuing any of the Settled Claims against Defendant.

11.    The  *"Notice of Pendency of Class Action, Proposed Settlement and Hearing"* annexed as *Exhibit C*  to the *Settlement Agreement* which sets forth the principal terms of the *Settlement Agreement*, together with the manner of distribution of said notice by first-class mail to all Class Members who could be identified through reasonable efforts as entitled to compensation under the *Settlement Agreement*, constituted the best notice practicable under the circumstances.  Said notice fully satisfied the requirements of F.R.C.P. Rule 23 and the requirements of state and federal constitutional due process.

12.    For good cause shown, Class Counsel is collectively awarded fees of $_____, inclusive of costs and expenses, payable by Defendant to Class Counsel within ten days following the Effective Date.

- 4 -

13.   Plaintiff is awarded $_____ as compensation related to her additional time, efforts, and initiative in assisting prosecution of this lawsuit as class representative, payable by Defendant within ten days following the Effective Date.

14.   Without affecting the finality of this judgment in any way, the Court hereby retains continuing jurisdiction over (a) implementation of this Settlement and distributions to Class Members and others; (b) disposition of Settlement funds; (c) this lawsuit until this Final Judgment becomes effective and each and every act agreed to be performed pursuant to the *Settlement Agreement* has been performed; and (d) all parties to this lawsuit and the Class Members for the purpose of enforcing and administering the *Settlement Agreement*.

15.   This Order constitutes a final judgment.

DONE IN OPEN COURT this ____ day of _____, 2004.

_____
Judge

- 5 -