FILED

2004 JUL -1  P 2: 45

U.S. DISTRICT COURT
HARTFORD, CT.

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

-------------------------------------------------------x
BARBARA SMITH,                                          :
                                                       :
                                    Plaintiff          :
                                                       :
Vs.                                                    :
                                                       :
JOSEPH M. TOBIN and                                    :
TOBIN & MELIEN                                          :
                                                       :
                                    Defendants.        :
                                                       :
-------------------------------------------------------x

CIVIL ACTION NO.
3:02CV473 (AVC)

**ORDER CONCERNING CLASS
CERTIFICATION, NOTICE
AND SCHEDULING**

JULY 1, 2004

Plaintiff, Barbara Smith, and defendants, Tobin & Melien and Joseph M. Tobin

(collectively "Tobin") have reached a settlement of this matter. Plaintiff and Tobin (the "Settling

Parties") having made application pursuant to F.R.C.P. Rule 23(e) for an order approving the

settlement of this case, in accordance with the *Settlement Agreement and Release* dated as of

~~June 11, 2004~~ (the *"Settlement Agreement"*), which together with the exhibits annexed thereto,

sets forth the terms and conditions for the proposed settlement of this case and for the dismissal

of this case upon the terms and conditions set forth therein; and the Court having read and

considered the *Settlement Agreement* and the exhibits annexed thereto; and the Settling Parties

having been heard,

**IT IS HEREBY ORDERED:**

1.   This case shall proceed as a class action, for settlement purposes only, under F.R.C.P. Rule 23, on behalf of individuals who are similarly situated to the Plaintiff, in that within one year next preceding the date of the Complaint, they were ~~served with~~ *proceeded against based on* a complaint as a defendant in a collection action commenced by Tobin & Melien or Joseph M. Tobin relating to an alleged deficiency on an auto loan which the complaint was identical to that received by Barbara Smith.

2.   For the purposes of this Order, the Class Representative is Barbara Smith, the named plaintiff in this action, and the class counsel is counsel of record for the Class Representative: Joanne S. Faulkner, Esq. 123 Avon Street, New Haven, CT 06511 ("Class Counsel").

3.   The Class Representative shall be the representative of the Settlement Class for the purposes of implementing the settlement in accordance with the *Settlement Agreement*, and their counsel of record is found to be adequate and competent and is appointed as counsel for the Settlement Class.

4.   Pending resolution of the settlement proceedings, the Court hereby asserts jurisdiction over the members of the class for purposes of effectuating the Settlement and releasing their claims.

5.    The Court approves, as to form and content, the *"Notice of Pendency of Class Action, Proposed Settlement and Hearing"* annexed as *Exhibit C* to the *Settlement Agreement*, and finds that the mailing of the notice to class members substantially in the manner and form set forth in the *Settlement Agreement* meets the requirements of F.R.C.P. Rule 23, due process and the Rules of this Court, is the best notice practicable under the circumstances and shall constitute due and sufficient notice to all persons entitled thereto. The notice shall be mailed to class members on or before *Aug 15 2004* At or before the fairness hearing provided for by this Order, Defendant's Counsel shall file with the Court and serve on Class Counsel, proof by affidavit of the aforesaid mailings. At or before the fairness hearing provided for by this Order, Defendant Counsel shall file with the Court and serve on Class Counsel, proof by affidavit of the forwarding of mail that was returned, as provided for in the Settlement Agreement.

6.    Class members shall be bound by all determinations and judgments in this case relating to the proposed settlement, whether favorable or unfavorable, unless such persons shall submit a written request for exclusion ("Request for Exclusion") from the class, to be postmarked no later than *Sept 22 2004* addressed to: both counsel of record and the Court. Copies of Requests for Extension received by class counsel shall be provided promptly to defendants' counsel. The Request for Exclusion shall identify the name and current address of the person seeking exclusion and clearly indicate that the sender requests to be excluded from the Class. A member of the Class who duly requests to be excluded in accordance with the

- 3 -

provisions hereof shall be excluded from the Class, will not be bound by any orders or judgments entered in this case relating to this settlement and shall not receive any benefits provided for in the Settlement Agreement in the event it is approved by the Court.

7.   Any member of the Class who has not requested exclusion therefrom in the manner provided for in this Order may appear and show cause, if he or she has any, why the proposed settlement of this case should or should not be approved as fair, reasonable and adequate, or why a judgment should or should not be entered thereon or why the requested fees should or should not be awarded to Class Counsel; provided, however, that no class member or any other person shall be heard or entitled to contest the approval of the terms and conditions of the proposed settlement, or, if approved, the judgment to be entered thereon approving the same, or the amount of attorneys' fees to be awarded to Class Counsel, unless that person has filed the original and one copy of a written statement containing his or her name and address, the reasons for objections, an indication that he or she wishes to appear and be heard at the hearing and, if desired, a memorandum of supporting authorities, and any other papers to be submitted, on or before _Sept 22 2004_ with a copy to counsel.  Any member of the Class who does not make the objection in the manner provided shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness or adequacy of the proposed settlement as incorporated in the Settlement Agreement and to the award of attorneys' fees to Class Counsel or a class representative fee to the Class Representative.

- 4 -

8.  A final hearing (the "Hearing") shall be held before this Court on *Oct. 6 2004*, at *noon*

to determine (i) whether the proposed settlement of this case on the terms and conditions

provided for in the Settlement Agreement is fair, reasonable and adequate to members of the

classes and should be approved finally by the Court, and (ii) the reasonableness of the plaintiff's

requests for attorneys fees and costs.

9.  No later than ten (10) calendar days prior to the Hearing, Class Counsel shall file

with this Court and serve on opposing counsel copies of (a) submissions in support of the

proposed Settlement; and (b) applications for a class representative fee and for attorneys' fees

and costs.  Additionally, counsel shall be permitted (but are not obligated) to file additional

submissions responsive to issues raised by any Class member's objection.  Counsel shall serve a

copy of any such responsive submissions on opposing counsel and also on the person (or his or

her counsel) who made the objection to which the submission is responsive.

10. In the event the *Settlement Agreement* terminates pursuant to its terms for any

reason, upon motion by any party, the certification of the Settlement Class pursuant to this order

shall be vacated automatically, the Class Representative shall cease to function as a

representative of the Settlement Class, and this action shall revert to its status immediately prior

to the execution of the *Settlement Agreement*.  Furthermore, the statute of limitations shall be

tolled with respect to all individuals included in the class description of the original complaint.

Additionally, this action will no longer be a certified class action, although Plaintiff shall be free

to move for the certification of the class in accordance with a scheduling order that the Court shall set at such time as the Settlement Agreement terminates.

2.     The Court reserves the right finally to approve the *Settlement Agreement* with modifications and without further notice to members of the Class, to adjourn the date of the hearing and any adjournment thereof without further notice to the members of the Class, and retains jurisdiction to consider all further applications arising out of or connected with the proposed settlement.

**SO ORDERED** this /ST day of _____JUNY_____, 2004.

_____
Judge

- 6 -